BK v. Barr

BIA
Christensen, IJ
A202 125 042

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand twenty.

PRESENT:
>       ROSEMARY S. POOLER,
>       RAYMOND J. LOHIER, JR.,
>       MICHAEL H. PARK,
>            *Circuit Judges.*

_____

B HIRIRA BK,
>       *Petitioner*,

>       v.                                      18-1138
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New
                         York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Sabatino F. Leo, Senior

Litigation Counsel; Linda Y. Cheng, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner B Hirira BK, a native and citizen of Nepal, seeks review of a March 19, 2018 decision of the BIA affirming a June 26, 2017 decision of an Immigration Judge ("IJ") denying BK's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re B Hirira BK,* No. A 202 125 042 (B.I.A. Mar. 19, 2018), *aff'g* No. A 202 125 042 (Immig. Ct. N.Y.C. Jun. 26, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we consider both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the

2

totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The adverse credibility determination is supported by substantial evidence.

The agency reasonably relied on discrepancies BK's testimony, his prior statements, and his documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). For example, BK gave inconsistent testimony about the chronology of events. He alternatively alleged that he fled his village for Kathmandu in November 2013 after the Maoists attacked

3

him at his home, or that he fled in April 2014; that he stayed in Kathmandu for two or three months, for six months, or for one month before going to Qatar; that he returned to his village five or six times after fleeing, or that he never returned; and that he stopped working after the Maoists attacked him, or that he continued to work after he fled to Kathmandu.

The only explanation BK provided for these inconsistencies is that he had a poor memory and that this may relate to the Maoists' attacks. The IJ was not required to accept this explanation because BK was able to provide a specific chronology of events in his application. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The adverse credibility determination is bolstered by inconsistencies between BK's statements and his documentary evidence, as well as by lack of reliable corroboration. The IJ reasonably found that BK's evidence omitted key events

4

and contradicted his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). For example, BK's wife's letter does not mention that she was harmed, but BK testified that she was severely beaten when the Maoists came to his home. Also, a letter from a leader of the Rastriya Prajatantra Party, with which BK was affiliated, reflects that the leader was aware of BK's problems with the Maoists. But BK testified inconsistently both that he told the party about the threats and attacks and that he never told them.

Even absent these inconsistencies, we defer to the the agency's decision to give little weight to BK's documentary evidence—documents and letters from Nepal—because the documents were not authenticated and the authors were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 n.5, 215 (BIA 2010)

(finding that unsworn letters from friends and family did not provide substantial support for claims because they were from interested witnesses not subject to cross-examination and noting that the "failure to attempt to prove the authenticity of a document through . . . any . . . means is significant"), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012).

Given the inconsistencies and the lack of reliable corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 167. Contrary to BK's argument that the agency should have independently analyzed his CAT claim, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6